IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DIANTE ROMAN DIXON                                                                  PETITIONER

VS.                                                         CIVIL ACTION NO. 3:18cv453-DPJ-FKB

WARDEN C. NASH                                                                       RESPONDENT

## REPORT AND RECOMMENDATION

Dante Roman Dixon is a federal prisoner incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. He is currently serving a sentence imposed by the United States District Court for the Western District of Louisiana. Dixon filed this action pursuant to 28 U.S.C. § 2241 challenging the computation of his sentence. The undersigned recommends that habeas relief be denied.

Dixon's claim concerns prior custody credit. The relevant facts are set forth in the declaration of Robin Teters, a management analyst at the Designation and Sentence Computation Center for the Federal Bureau of Prisons (BOP), and in the accompanying records from Dixon's BOP file. [10-2]. These documents indicate that Dixon was arrested on October 27, 2009, by local law enforcement authorities in Alexandria, Louisiana, on drug charges. At the time of his arrest, Dixon was on parole with the Louisiana Department of Corrections, and a parole violation warrant was issued following his arrest. On April 26, 2010, he was charged by bill of information in the United States District Court for the Western District of Louisiana. Dixon was taken into temporary federal custody on May 6, 2010, on a writ of habeas corpus ad prosequendum in connection with the pending federal charge. The federal court sentenced Dixon on August 9, 2010, to a term of 270 months, with the sentence to run

consecutively to any existing sentence.  On the day of his federal sentencing, Dixon's state parole was revoked, and he began serving his state sentence.  He was returned to state custody on August 16, 2010.  Dixon completed his state sentence on November 19, 2011.  He remained in state custody on a federal detainer until March 15, 2012, when he was transferred to federal custody to begin serving his federal sentence.  On September 29, 2015, the sentencing court reduced Dixon's federal sentence to a term of 130 months.

Dixon alleges in his petition that the BOP has wrongfully failed to give him credit for the time spent in custody prior to his federal sentencing.[1]  Ms. Teters's declaration and the accompanying documents indicate that the BOP calculated Dixon's sentence as having commenced on March 15, 2012, the date he was received into primary federal custody.  Dixon was given 116 days of prior custody credit for the period of November 20, 2011, the first day immediately following completion of his state sentence, through March 14, 2012, the last day before his federal sentence commenced.  He was not given credit for any earlier period, because all earlier periods had been credited by the state of Louisiana against his state sentence.  As Teters explains in her declaration, 18 U.S.C. § 3585(b) provides that pre-sentence time credited against a state sentence may not also be credited against a federal sentence.

Dixon challenges the BOP's argument, stating that "there is no record that reflects any CREDIT for time served and accredited to the State of Louisiana."  [2] at 3.

---

[1] Dixon identifies the disputed period as commencing on October 10, 2009, which he says was the date of a federal indictment.  However, the records submitted with the response indicate that Dixon was charged by information and that he waived indictment.  In any event, the earliest date of his presentence custody was October 27, 2009, the date of his arrest.

2

Dixon's statement is incorrect. The period from the date of Dixon's arrest on October 27, 2009, up until he began serving his state sentence on August 9, 2010, totaled 286 days. The state time computation sheets submitted with the response reflect that 286 days designated as "jail credit" on the state computation sheets were credited to Dixon's state sentence. [10-2] at 28. Dixon's argument is without merit.

Dixon has failed to show that he is being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Therefore, the undersigned recommends that relief be denied and that Dixon's petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of April, 2019.

/s F. Keith Ball
United States Magistrate Judge